UNITED STATES of America,
Plaintiff-Appellee,

v.

Eduardo RAMOS-RODRIGUEZ,
Defendant-Appellant.

Nos. 16-10394, 16-10438

United States Court of Appeals,
Ninth Circuit.

Submitted November 15, 2017 *

Filed November 20, 2017

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Matthew Cassell, Assistant U.S. Attorney, USTU-Office of the US Attorney, Tucson, AZ, for Plaintiff-Appellee

Eric Scott Manch, Manch Law Firm PLLC, Tucson, AZ, for Defendant-Appellant

Before: CANBY, TROTT, and GRABER, Circuit Judges.

### MEMORANDUM **

In these consolidated appeals, Eduardo Ramos-Rodriguez appeals the 27-month sentence imposed following his guilty-plea conviction for reentry of a removed alien, in violation of 8 U.S.C. § 1326, and the partially consecutive 21-month sentence imposed upon revocation of supervised release. In Appeal No. 16-10438, we dismiss. In Appeal No. 16-10394, we affirm.

Reviewing de novo, *see United States v. Harris*, 628 F.3d 1203, 1205 (9th Cir. 2011), we conclude that Appeal No. 16-10438 is barred by a valid appeal waiver. The terms of the appeal waiver in Ramos-Rodriguez's disposition agreement unambiguously encompass the claims raised in this appeal. *See id.* Moreover, contrary to Ramos-Rodriguez's contention, the record reflects that he waived his appellate rights knowingly and voluntarily. *See United States v. Watson*, 582 F.3d 974, 986-87 (9th Cir. 2009).

In Appeal No. 16-10394, Ramos-Rodriguez argues that the district court procedurally erred by failing to consider his sentencing arguments and explain the sentence. We review for plain error, *see Unit-*

*ed States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The record reflects that the district court considered Ramos-Rodriguez's arguments and sufficiently explained the within-Guidelines sentence. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). Moreover, contrary to Ramos-Rodriguez's contention, the sentence is not an abuse of discretion in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including his significant immigration history. *See Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007).

**Appeal No. 16-10394: AFFIRMED.**

**Appeal No. 16-10438: DISMISSED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

